UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 6:09-CR-26-GFVT |
| v. ) | |
| ) | RECOMMENDED DISPOSITION |
| EARL RHODES, ) | |
| ) | |
| Movant. ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on a preliminary review of Movant Earl Rhodes's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody. (D.E. 73). Movant has also filed an Application to Proceed In Forma Pauperis ("IFP"), which has been designated as a pro se motion to proceed IFP. (D.E. 74). The record reveals that Movant's direct appeal of his conviction is pending before the Sixth Circuit. Thus, Movant's § 2255 motion is premature; for that reason, Movant's motion to proceed IFP is moot at this time. Therefore, as set forth more fully herein, the Court **RECOMMENDS** that Movant's § 2255 motion be **DISMISSED** without prejudice, and that Movant's motion to proceed IFP be **DENIED** without prejudice as moot.

**Prior Proceedings**

On April 23, 2009, Movant was indicted on five counts: counts one and two charged Movant with possession with the intent to distribute methadone and hydrocodone, respectively; count three charged Movant with knowingly possessing firearms and ammunition in furtherance of drug trafficking crimes; and counts four and five comprised two forfeiture counts related to guns and ammunition. (D.E. 1). On January 7, 2010, Movant agreed to plead guilty to counts

two, three and four. In return, the United States agreed to move for dismissal of counts one and five at sentencing. (D.E. 51). The plea agreement also contained a clause authorizing Movant to appeal an adverse ruling on a motion to suppress certain evidence; if he prevailed, the guilty plea could be withdrawn.[1] (*Id.*)

On May 12, 2010, the District Court entered judgment. (D.E. 61). Movant was sentenced to four months imprisonment on count two of the indictment, possessing hydrocodone with intent to distribute it in violation of 21 U.S.C. § 841(a)(1). On count three, possessing a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c), Movant was sentenced to sixty months imprisonment, to be served consecutively with the sentence for count two. Thus the total sentence handed down was for sixty-four months of imprisonment, plus five years supervised release with special conditions. (*Id.*).

On May 24, 2010, Movant filed a notice of appeal, and a motion for leave to appeal IFP[2]. (D.E. 62-63). The District Court granted the motion, noting that "[t]he Movant specifically reserved his right to appeal the denial of his suppression motion and the Court finds that his appeal would be taken in good faith" (D.E. 69). The Sixth Circuit docketed Movant's appeal as No. 10-5622. On August 27, 2010, Movant filed his appellate brief, arguing that the District Court erred by declining to suppress certain evidence. Upon completion of briefing and argument, the matter will stand submitted to the Sixth Circuit for decision.

---

[1] Movant's plea agreement also states that, except for the authorized appeal of the suppression issue, "the [Movant] waives the right to appeal and the right to collaterally attack the guilty plea and conviction." (D.E. 51 at ¶ 7). Because the Court recommends dismissal of the motion on other grounds, it does not herein consider the effect of such a waiver.

[2] The motion to proceed IFP with regard to Movant's direct appeal of his conviction should not be confused, of course, with his motion to proceed IFP with regard to the instant § 2255 motion.

**Movant's § 2255 Motion**

On October 22, 2010, Movant filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, which is now before this Court for preliminary review. As grounds, Movant argues ineffective assistance of counsel and actual innocence as to one of the counts for which he is imprisoned. Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."

The rule in the Sixth Circuit is that, ". . . in the absence of extraordinary circumstances, a district court is precluded from considering a § 2255 application for relief during the pendency of the applicant's direct appeal." *Capaldi v. Pontesso*, 135 F.3d 1122, 1124 (6th Cir. 1998); *see also U.S. v. Goddard*, No. 07-CR-134-JMH, 2010 WL 3394392, at *1 (E.D. Ky., Aug. 24, 2010) (slip copy) ("[Movant's] § 2255 motion is premature inasmuch as his direct appeal to the Sixth Circuit is currently pending and he has not demonstrated that any extraordinary circumstances exist.") (internal citations omitted).

An examination of the docket of Movant's criminal case reveals that his direct appeal is pending, and thus it plainly appears from the record of prior proceedings that the moving party is not entitled to relief, at least at this time. The Court must therefore dismiss the motion unless extraordinary circumstances are present. *Capaldi*, 135 F.3d at 1124. Movant makes no argument here that extraordinary circumstances exist. To the contrary, Movant's plea agreement clearly contemplated that the next step would be a direct appeal on the suppression issue, and that appeal is underway. For that reason, the Court finds no extraordinary circumstances which

compel deviation from the general rule. The Court therefore recommends that Movant's § 2255 motion be dismissed.³

## Movant's Motion to Proceed IFP

On October 22, 2010, Movant filed an Application to Proceed In Forma Pauperis, which has been designated as a pro se motion to proceed IFP, in addition to his § 2255 motion. (D.E. 74). Motions filed pursuant to 28 U.S.C. § 2255 require no filing fee. *See* Rule 3 of the Rules Governing Section 2255 Proceedings for the United States District Courts, 1976 advisory committee note ("There is no filing fee required of a Movant under these rules," a change from previous practice meant to "recognize specifically the nature of a § 2255 motion as being a continuation of the criminal case whose judgment is under attack."). There is, however, no bar to such a motion.

Because the Court recommends dismissal of the underlying § 2255 Motion, the motion to proceed IFP is moot at this time. The Court therefore **RECOMMENDS** that the motion to proceed IFP be **DENIED** without prejudice to re-filing it at the appropriate time if the Sixth Circuit declines to grant Movant the relief he seeks.⁴

## Recommendation

For the foregoing reasons, the Court **RECOMMENDS** that the District Court **DISMISS** Movant's motion for § 2255 relief, and **DENY** without prejudice Movant's pro se motion to proceed IFP. The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and

---

³ The Court also notes that Movant's Motion contains a serious error. In response to the question on the § 2255 motion form, "Did you appeal from the judgment of conviction?", Movant ticked the box to answer "No," which is incorrect. The Court admonishes Movant to exercise greater care in preparing documents filed with the Court.

⁴ The recommended disposition herein as to of Movant's § 2255 motion, if adopted, renders moot Movant's IFP motion at this time. If the District Court declines to adopt that recommended disposition, the undersigned will promptly decide the IFP motion.

mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. See also Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 8(b). Within fourteen days after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, de novo, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 106 S. Ct. 466 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

    This the 19th day of November, 2010.

Signed By:
Hanly A. Ingram
United States Magistrate Judge